UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DALE FLANNERY,<br>       Plaintiff,<br><br>-v-<br><br>COCA-COLA REFRESHMENTS USA, INC. and<br>DON HARKNESS,<br>       Defendants.<br>_____ | No. 1:12-cv-1274<br><br>HONORABLE PAUL L. MALONEY |

## ORDER OF REMAND FOR LACK OF JURISDICTION

Plaintiff initiated this action on October 11, 2012, by filing his complaint in the Circuit Court of Ingham County, Michigan. On November 19, 2012, Defendants removed this action to federal court under 28 U.S.C. § 1446 and the diversity statute, 28 U.S.C. § 1332.

### ANALYSIS

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Federal courts have an obligation to examine whether they have subject-matter jurisdiction over an action. *See Argaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("No court can ignore the defect [in its jurisdiction]; rather a court, noticing the defect, must raise the matter on its own"). When an action is removed from state court, a federal court must consider whether it has subject matter jurisdiction. *See Probus v. Charter Commc'ns, LLC*, 234 Fed. App'x 404, 406 (6th Cir. 2007). If a district court determines that it lacks subject-matter jurisdiction over a removed action, the action must be remanded. 28 U.S.C. § 1447©.

Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

Plaintiff asserts a personal-injury claim against Defendants based on his slip and fall on Coca-Cola property. (Compl., ECF No. 1 at 11.) According to the complaint, Plaintiff, an employee of Corrigan Oil, was delivering diesel fuel to Coca-Cola on January 25, 2012, when he slipped and fell on an icy snow bank. (*Id.* at 12.) Plaintiff alleges that Defendants—Coca-Cola itself and Don Harkness, Manager of Coca-Cola Refreshments—were negligent in maintaining the property. (*Id.* at 12–14.) Plaintiff alleges that he and Mr. Harkness are both citizens of Michigan, while Coca-Cola is a foreign corporation. (*Id.* at 11–12.) Plaintiff claims that he

> has suffered, continues to suffer, and will suffer in the future from severe injuries, some of which are permanent in nature, including but not limited to injuries to his neck, back and aggravation of pre-existing back problem, which injuries have caused him and will continue to cause him pain and suffering, mental anguish, fright and shock, disability, disfigurement, denial of social pleasures and enjoyments, embarrassment, humiliation, and mortification, and other damages and injuries to be determined.

(*Id.* at 15.) Plaintiff also claims that he "was forced to lose time from employment," that he "will in the future suffer additional loss of earning capacity and wages," and that he will "continue to incur . . . expenses for medical care and treatment." (*Id.* at 16.) The complaint alleges that "the amount in controversy exceeds the sum of Twenty-Five Thousand Dollars." (Compl., ECF No. 1

at 12.)

A defendant may remove a civil action filed in state court to federal district court when the federal district court would have original jurisdiction over that suit. 28 U.S.C. § 1441(a). Defendants argue this Court has original jurisdiction over the complaint on diversity grounds. Under § 1332(a), a federal court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the matter is between citizens of different states. The party seeking to remove the action to federal court has the burden of establishing that the district court has jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) (holding defendant has the burden of establishing that removal was proper).

Defendants admit that both Plaintiff and Defendant Harkness are citizens of Michigan, which ordinarily would destroy diversity jurisdiction. They argue, however, that Mr. Harkness has been fraudulently joined, as Plaintiff has no plausible claim against him. If accepted, this argument would allow removal of the statute, as parties may not name a party defendant for the sole purpose of avoiding removal. *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907–08 (6th Cir. 1999).

But even if the court assumes that Mr. Harkness was in fact fraudulently joined, the notice of removal runs into a problem. Because the complaint does not expressly demand more than $75,000, the court must determine on its own whether, "by the preponderance of the evidence, . . . the amount in controversy exceeds" the required amount. 28 U.S.C. § 1446(c)(2)(B). In support of removal, Defendants allege that the amount in controversy does exceed $75,000 (ECF No. 1, at 5), but they provide no evidence to support this assertion. They cite only to the allegations in the Complaint quoted above; aside from this boilerplate, Defendants offer no evidence about the scope

of this claim. These statements, on their own, give the court no basis on which to determine that Plaintiff's damages are likely to amount to more than $75,000. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *overruled on other grounds by Hertz Corp. v. Friend*, — U.S. —, 130 S. Ct. 1181 (2010). Without any such support, the court cannot find "by the preponderance of the evidence" that the amount in controversy is sufficient to confer federal jurisdiction. 28 U.S.C. § 1446(c)(2)(B); *see Winters v. Speedway Superamerica, LLC*, No. 1:12-cv-17, 2012 WL 112981, *2 (W.D. Mich. Jan. 11, 2012) (Maloney, J.) (remanding case where defendants claimed amount-in-controversy based on allegations in complaint and "a single settlement that exceeded $100,000").

## CONCLUSION

Because Defendants have not sufficiently alleged that the amount in controversy in the complaint exceeds $75,000, this Court lacks subject-matter jurisdiction over the action. Therefore, this action is hereby **REMANDED** to the Circuit Court of Ingham County, Michigan.

**IT IS SO ORDERED.**


Date:  November 20, 2012                                /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        Chief United States District Judge

4